COMMONWEALTH *vs.* DANIEL SWANSON. No. 10-P-878. April 25, 2011. *Practice, Criminal,* Probation, Revocation of probation. *Evidence,* Breathalyzer test.

The defendant appeals from an order of a judge of the Boston Municipal Court revoking his probation on the ground that he violated one of the probation conditions imposed upon him, i.e., "no excessive use of alcohol." While there is force to the defendant's position that this condition is too vague to give fair warning of conduct that may result in the revocation of probation, see *Commonwealth* v. *Kendrick*, 446 Mass. 72, 75 (2006), we nevertheless conclude that on the facts of this case the judge was entitled to find by a preponderance of the evidence, see *Commonwealth* v. *Wilcox*, 446 Mass. 61, 65 (2006), that, under any fair understanding of the condition, the defendant was in violation.

At the probation revocation hearing, one probation officer, Cahill, testified

for a second probation officer, Jaeger,[1] that the defendant arrived at her office early in the morning of November 24, 2009, a day after he was scheduled to report (having realized that he had missed his appointment), emitting the "strong" scent of alcohol. On a previous occasion, October 16, 2009, the defendant had reported to Jaeger smelling of alcohol and, when questioned about his alcohol use, admitted that he had consumed a few drinks the night before but denied getting intoxicated. Despite being warned by Jaeger at that time that he should not report to her with alcohol on his breath in the future, the defendant did so again on November 24. Thus, even though Jaeger's admonition on October 16 did not alter the terms of the defendant's probation, the judge reasonably could infer from this course of events that the defendant had little or no control over his consumption of alcohol, and that his apparent inability to refrain from drinking early in the morning when going to see his probation officer was indicative of "excessive use of alcohol," however that term might be understood.

Because the judge specifically found the defendant in violation even without considering Cahill's testimony that Jaeger administered two breathalyzer tests to the defendant on the morning of November 24, 2009, we need not consider whether the test results (readings of .188 and .192) were admissible.

We note, however, that there was no evidence (hearsay or otherwise) as to the type of breathalyzer used, its maintenance and calibration, the procedures employed by Jaeger, or her training in the use of such equipment, even though these were live issues at the hearing. The Commonwealth elicited no such evidence on direct examination of Cahill, and when questioned by defense counsel on cross-examination, Cahill had no knowledge on these topics. On the view we take of the case, we need not decide whether the foundational requirements established by G. L. c. 90, § 24K, and 501 Code Mass. Regs. §§ 2.00 et seq. (2010) apply in probation revocation hearings as they do in criminal prosecutions for driving under the influence. Nevertheless, without implying that they do, we think the judge was appropriately cautious in not relying upon the breathalyzer test results in these circumstances.

*Order revoking probation affirmed.*

*John H. Cushman* for the defendant.

*Anthony J. Dutra*, Assistant District Attorney, for the Commonwealth.

---

[1]Contrary to the defendant's position, it was not error for the judge to credit and find fully reliable Cahill's hearsay testimony of Jaeger's account of events. See generally *Commonwealth* v. *Durling*, 407 Mass. 108, 118 (1990).

